By the answer it is alleged that, after the bringing of the action, the parties got together and adjusted their accounts, and there was found to be owing from the plaintiff to the defendant the sum of $191.47, which sum the plaintiff thereupon agreed to pay to the defendant, which sum was not paid.

This motion was made before the Newburgh Special Term, Justice Dickey presiding. At that Special Term the affidavit of defendant's counsel was produced, which stated that at a Trial Term held in Ulster county before Mr. Justice Betts the plaintiff had moved for a reference of the action, which motion had been there by Justice Betts denied, and that thereafter the plaintiff had moved to put the case over the term, which motion had been granted. Upon this affidavit Justice Dickey denied the motion for a reference upon the ground that the motion had been made and passed upon by Justice Betts at the Kingston Trial Term.

Whether or not the making of the motion before Justice Betts and its denial by him authorized the denial of this motion, there is another ground sufficient to sustain this order. The defendant alleged the full adjustment and settlement of the accounts between the parties and an agreed balance arrived at between them. If this allegation be proven, then, there is no occasion for an accounting, and, until the trial of this issue and its determination, the court cannot say that a long accounting is involved, or that the plaintiff is entitled to a reference.

The order appealed from should, therefore, be affirmed, with $10 costs and disbursements. All concur; KELLOGG, J., in result.

---

(119 App. Div. 695)

ILLCH v. MUTUAL BENEFIT LIFE INS. CO. et al.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

EVIDENCE—SIMILAR FACTS—EXECUTION OF DOCUMENT—FORGERY OF SIGNATURE —OTHER SIGNATURES.

In an action on an insurance policy by the beneficiary thereunder against the insurance company and another, defendants claimed that the policy was assigned to the insured by plaintiff and her four children, and thereafter assigned to defendant life insurance company as collateral. A prima facie case was made against plaintiff by evidence of expert witnesses on the introduction of the assignments in evidence as to plaintiff's signature. *Held*, that evidence of the subscribing witnesses to the assignments, each of whom denied his signature and testified that none of the persons whose names were attached to the instrument signed it in his presence, and testimony of plaintiff that she did not sign the policy and of two of her children that they did not sign either of the assignments, was admissible; the fact that the signature of the children was not necessary to give validity to the assignments or to a transfer of their contingent interest in the policy being immaterial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 405.]

Appeal from Trial Term, Albany County.

Action by Babette Illch against the Mutual Benefit Life Insurance Company and another. From a judgment for plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

J. Newton Fiero, for appellants.

Jas. C. Matthews, for respondent.

SEWELL, J.   The complaint in this action is based upon a life insurance policy issued by the defendant the Mutual Benefit Life Insurance Company, to Meier Illch in 1864 for $1,000.   The policy was payable to Babette Illch, his wife, if she survived him, if she did not, then to their children.

The defendants claim that the policy was assigned to the insured December 19, 1893, by the plaintiff and her four children; that it was assigned December 26, 1893, to the defendant the Mutual Benefit Life Insurance Company as collateral security for a loan of $237; and that Meier Illch assigned his interest in the policy October 5, 1899, to the defendant the New Hampshire Fire Insurance Company for the purpose of securing a debt of $717.10.   The assignment of December 26, 1893, purports to have been signed, sealed, and delivered by Meier Illch, Babette Illch, and their four children in the presence of James L. McHale, and their signatures to the assignment of December 19th appears to have been made in the presence of Julius H. Haas.

It was conceded upon the trial that the defendants had the affirmative, and that the only question in the case was the validity of the first two assignments, whether each of them had the genuine signature of the plaintiff.   A prima facie case was made against the plaintiff by the evidence of expert witnesses, and by the introduction of the assignments in evidence "as to the signature of Babette Illch."   To meet this testimony, the plaintiff called the two persons whose names appear as subscribing witnesses.   Each of them denied his signature, and testified that none of the persons whose names were attached to the instrument signed it in his presence.   The plaintiff testified that she did not assign the policy, and two of her children were called and allowed to testify, under the defendant's objection, that they did not sign either of the papers in question.

The principal question for our determination relates to the ruling of the trial court upon the admissibility of this evidence.   We think the evidence was properly admitted under the circumstances of the case. It is a general rule that a distinct crime, unconnected with another, cannot be given in evidence against a prisoner, but it is well settled that evidence of another offense is admissible when the two crimes are a part of the same common scheme, or are so related to each other as to show a common motive or intent running through both.   In Shaffner v. Commonwealth, 72 Pa. 63, 13 Am. Rep. 649, the court said:

"To make one criminal act evidence of another, a connection between them must have existed in the mind of the actor linking them together for some purpose he intended to accomplish."

In People v. Wood, 3 Parker, Cr. R. 681, proof of other crimes than the one alleged, if connected with it by unity of plot and design and influenced by a single motive, was held admissible.   Underhill, in his work on Criminal Evidence (section 88), says:

"In order that one crime may be relevant as evidence of another, the two must be connected as a part of a general and composite scheme or plan. Some connection between the crimes must be shown to have existed in fact and in the mind of the actor, uniting them for the accomplishment of a common purpose, before such evidence can be received. This connection must clearly appear from the evidence. Whether any connection exists is a judicial question."

I think it may fairly be assumed from the fact that each instrument purports to have been signed, sealed, and delivered by the plaintiff and her four children in the presence of a subscribing witness that all the signatures were made upon the same occasion. However that may be, if they were signed at different times and two or more crimes were thereby committed, I think there is sufficient evidence to justify the conclusion that they all had the same origin, that each crime was committed in aid of the other, and was a part of a scheme or plan which resulted in a transfer of the policy. It is immaterial that the signatures of the children were not necessary to give validity to the assignments or to a transfer of their contingent interests in the policy. If they were thought to be and were added to effectuate a conveyance of the policy, I think the evidence was clearly competent.

The case of Booth v. Powers, 56 N. Y. 20, cited and relied upon by the appellants, is not in conflict with these views. It was there held, by a divided court, that evidence offered that another note, made at the same time, by the same parties, of the same tenor and for the same consideration, but payable at a different time, was altered by the payees, in the same particular, after it came into their hands was properly excluded. The evidence here complained of was directed at one paper, and was apparently intended to rebut and destroy the inference that might be drawn from, and the use made of, the portion put in evidence by the defendants.

I think the case was well disposed of in the court below, and that the judgment appealed from should therefore be affirmed, with costs.